**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**CLARA ROCES f/k/a Clara Dagraca,**

   **Plaintiff,**

**-vs-**                                                                    **Case No.  6:11-cv-755-Orl-28GJK**

**STERLING JEWELERS, INC.,**

   **Defendant.**
_____

# ORDER

This matter is before the Court following the issuance of an Order to Show Cause why this case should not be dismissed and why sanctions should not be imposed on Plaintiff's counsel, David W. Glasser, for failure to comply with court-imposed deadlines (Doc. 27). Unfortunately, Mr. Glasser has established a history of ignoring deadlines set by the Federal Rules of Civil Procedure, the Local Rules, and judicial orders.  This is the latest in a long series of orders entered by judges of Orlando Division of the Middle District of Florida in an effort to encourage Mr. Glasser to correct his errant conduct.

On May 5, 2011, Mr. Glasser filed this case on behalf of his client, Clara Roces, alleging constructive termination in retaliation for objecting to being sexually harassed in the workplace. (Compl., Doc. 1).  The parties had entered into an agreement as a condition of Ms. Roces's employment that required any dispute she might have with her employer to be resolved through the RESOLVE program.  (Spagnola Aff., Doc. 10-1, ¶¶ 10-11; RESOLVE Program Arbitration Agreement, Ex. A to Spagnola Aff.).  The RESOLVE program is an

alternative dispute resolution plan which includes binding arbitration as its final step. (Spagnola Aff. ¶¶ 6-8). On November 18, 2011, this case was stayed because Ms. Roces had failed to participate in the RESOLVE program. (Order Granting Mot. to Stay, Doc. 20). During the stay, the parties were ordered to file status reports every ninety days advising the Court as to the progress of the arbitration. (Id.).

On February 16, 2012, Mr. Glasser filed his first status report indicating that his client had not yet scheduled arbitration. (Doc. 21). On February 22, 2012, the Court ordered the parties to file a joint report as to whether they had initiated the RESOLVE program. (Doc. 22). Only after entry of the February 22 Order did Mr. Glasser take the first step to initiate the RESOLVE procedure; but even then he did not file the required paperwork until March 26, 2012–four months after he was first ordered to do so. (Pl.'s April 30 Status Report, Doc. 26, ¶ 3).

On May 15, 2012, Mr. Glasser came before the Court pursuant to the Order to Show Cause. (See Min. Entry, Doc. 29). At this hearing and in his status reports, Mr. Glasser stated, as an excuse for not having initiated the RESOLVE process earlier, that he had a criminal trial that was scheduled to begin on January 17, 2012 that was continued to March 19, 2012. (Pl.'s Mar. 7 Status Report, Doc. 24, ¶ 3; see also Pl.'s April 30 Status Report ¶ 3). This explanation is unsatisfactory, and Mr. Glasser has failed to show cause why sanctions should not be imposed in this case.

Unfortunately, this latest failure to comply with time requirements is consistent with an unparalleled pattern of dilatory conduct established by Mr. Glasser in the Orlando Division of the Middle District of Florida. From 2000 to May 21, 2012, Mr. Glasser has filed 308

cases in the Orlando Division.  In those cases, he has received 151 orders to show cause and has been admonished or sanctioned at least five times.  At least two of the cases brought by Mr. Glasser have been dismissed for failure to prosecute.  In two other cases, Mr. Glasser was found liable for attorney's fees after opposing counsel was forced to file motions to compel discovery.  Also, at least one motion filed by Mr. Glasser seeking recovery of costs was denied because he did not file it within the applicable time limits.

Orders entered in past cases have sufficiently put Mr. Glasser on notice that he is not meeting his professional responsibilities to his clients and to the courts before which he practices.  In Case No. 6:01-cv-1205, which is similar to this one, a stay was entered and Mr. Glasser's client was ordered to participate in required arbitration.  Six months later, Mr. Glasser responded to a court inquiry regarding the status of the case by reporting that he would then "proceed to make arrangements in order to initiate arbitration proceedings." Only after the court later entered an order to show cause did Mr. Glasser finally forward the paperwork to commence the arbitration process.  At that point, eleven months had passed since he was first ordered to commence arbitration.  As in this case, the reasons given for the tardy action were inadvertence and workload.  In Case No. 6:09-cv-484, Mr. Glasser was publicly admonished and sanctioned in the amount of $500.00 for his willful failure to abide by the Local Rules and obey orders of the court.  This Court adopted the Report and Recommendation from the magistrate judge that discussed and rejected Mr. Glasser's claims of inadvertence, errors of his assistant, and scheduling problems.  In yet another case—No. 6:04-cv-1730—Mr. Glasser was sharply criticized for failure to meet deadlines. Although the magistrate judge determined that Mr. Glasser's client should not be penalized

for his conduct, the judge warned Mr. Glasser that repeated failures to manage his workload might require a different result.[1]

The specific cases cited above are examples of Mr. Glasser's failure to meet required deadlines, but they fall short of fully explaining the extent of his disregard for court rules and orders. Because Mr. Glasser's conduct reflects disrespect for courts and the interests of his clients and because warnings and lesser sanctions have proved ineffective, the sanctions outlined below are necessary. If these sanctions, like those imposed in the past, fail to result in a change in Mr. Glasser's dilatory practices, the Court will provide a copy of this Order to the Florida Bar and the Grievance Committee for the Middle District of Florida along with a recommendation that disciplinary action be taken.

Based on the foregoing, and as stated in open court on May 15, 2012, Mr. Glasser is sanctioned and required to pay $750.00 to the Clerk of this Court.[2] Further, within seven days from the date of this Order, Mr. Glasser shall make arrangements with the Florida Bar to enroll in and complete the LOMAS Program. Mr. Glasser shall file a report with this Court immediately following his contact with the Florida Bar and shall report every thirty days thereafter, advising the Court as to his progress in the LOMAS Program. Upon completion of the LOMAS Program, Mr. Glasser is to provide this Court with proof of such completion.

---

[1] Mr. Glasser's inclination to blame his office workers for tardiness did not end after the admonishment contained in the Report and Recommendation. Similar excuses for missed deadlines were advanced by Mr. Glasser in Nos. 6:10-cv-999, 6:10-cv-1132, and 6:10-cv-1255.

[2] The Court notes that Mr. Glasser made this payment on May 23, 2012. The Court also notes that Mr. Glasser has undertaken Step 2 of the RESOLVE Program as ordered at the May 15 hearing. (See Pl.'s June 4 Status Report, Doc. 30).

This Order is intended to serve as a public reprimand of Attorney David W. Glasser for failing to comply with the Court's orders.

**DONE** and **ORDERED** in Chambers, Orlando, Florida this 7th day of June, 2012.

_____
JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record